UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY JACKY, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | CASE NO. C18-118-BHS-BAT <br><br> **REPORT AND RECOMMENDATION** |

Plaintiff seeks review of the denial of his Supplemental Security Income and Disability Insurance Benefits applications. He argues that in the decision finding him not disabled, the ALJ (1) erroneously failed to consider two medical opinions, and (2) gave invalid reasons for failing to find he required an assistive device to walk and for rejecting a medical opinion supporting that limitation. Dkt. 12. The Commissioner agrees that there was error in the decision below, but disputes the requested remedy. Dkt. 16. Initially, plaintiff sought remand for an award of benefits as of his 50th birthday in 2015 and further administrative proceedings to address his limitations before that date. Dkt. 12. The Commissioner asserts that remand for further proceedings is the proper remedy for the entire period at issue. Dkt. 16. In his reply, plaintiff amends his alleged onset date to the date of his 50th birthday and requests that the court remand the case for an award of benefits as of that date without any further proceedings as to the earlier period. Dkt. 17.

REPORT AND RECOMMENDATION - 1

The court recommends that the Commissioner's decision be **REVERSED** and the matter **REMANDED** for an award of benefits as of plaintiff's 50th birthday.

## BACKGROUND

Plaintiff is 52 years old, has a high school education, and has worked as a cable installer-repairer and warehouse worker. Tr. 192, 221, 828. In May 2011, he applied for benefits, alleging disability as of April 2010.[1] Tr. 192, 199. After his applications were denied initially and on reconsideration, the ALJ held a hearing and issued a decision denying his applications, which the Appeals Council declined to review. Tr. 1, 15-37. Plaintiff sought judicial review, and this court reversed and remanded for further administrative proceedings. Tr. 876-84. On remand, the ALJ held a second hearing and, on February 1, 2017, issued a second decision finding plaintiff not disabled. Tr. 762-78. The appeals council denied plaintiff's request for review, making the ALJ's February 2017 decision the Commissioner's final decision at issue in this case. Tr. 752.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset date; he had the following severe impairments: degenerative disc disease, right knee osteoarthritis, generalized anxiety disorder, mood disorder, and alcohol use disorder; and these impairments did not meet or equal the requirements of a listed impairment.[3] Tr. 765. The ALJ found that plaintiff had the residual functional capacity to perform light work with various postural, manipulative, and environmental limitations; he was able to understand, remember, and carry out simple, routine tasks; and he

---

[1] Plaintiff later amended his alleged onset date to January 2011, Tr. 803-04, before finally amending it to the date of his 50th birthday in 2015 in his reply brief. Dkt. 17.

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] 20 C.F.R. Part 404, Subpart P. Appendix 1.

REPORT AND RECOMMENDATION - 2

required the use of an assistive device for long distances (i.e., a half-mile) or uneven surfaces. Tr. 767. The ALJ found that plaintiff could not perform any past relevant work, but jobs existed in significant numbers in the national economy that he could perform, and that he was therefore not disabled. Tr. 776-778.

## DISCUSSION

Plaintiff asserts that the ALJ erred by (1) failing to give reasons for rejecting the opinions of consulting doctors Brent Packer, M.D., and David Deutsch, M.D., and (2) failing to find that plaintiff required an assistive device except when walking more than a half-mile or on uneven surfaces and, specifically, failing to give specific and legitimate reasons for rejecting the opinion of Mark Dundas, M.D., about his need for an assistive device. Dkt. 12 at 1-2. He asks the court to remand the case for an award of benefits as of the date of his 50th birthday in 2015, arguing that as of that date, if he is limited to sedentary work as opined by Dr. Packer and Dr. Deutsch, and/or if he requires the use of an assistive device as opined by Dr. Dundas, he is limited to sedentary work and therefore disabled under the grids.[4] Dkt. 17 at 3, 6.

The Commissioner concedes that the ALJ erred in evaluating the medical opinions plaintiff identifies and in assessing the circumstances in which plaintiff requires an assistive device, but asks the court to remand for further administrative proceedings. Dkt. 16. The

---

[4] The Medical-Vocational Guidelines, or the "grids," identify whether jobs requiring specific combinations of vocational factors exist in significant numbers in the national economy. *See Heckler v. Campbell*, 461 U.S. 458, 461 (1983). Where the grids match a claimant's qualifications, they direct a finding of either disabled or not disabled. *See id.* Where the grids do not match a claimant's qualifications exactly, the ALJ can either use the grids as a framework to determine whether work exists that the claimant can perform, or, if the claimant has significant non-exertional limitations, rely on a vocational expert's opinion. *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007).

REPORT AND RECOMMENDATION - 3

1  Commissioner asserts that the record does not clearly require a finding of disabled but instead
2  creates serious doubt that plaintiff is disabled. *Id.* at 3.
3      When a district court reverses an ALJ decision, it has discretion to either remand the case
4  for further administrative proceedings or to remand for an award of benefits. 42 U.S.C. § 405(g);
5  *Harman v. Apfel*, 211 F.3d 1172, 1177-78 (9th Cir. 2000). In the typical case, where there are
6  outstanding issues that must be resolved and it is not clear from the record that an ALJ would be
7  required to find a claimant disabled if all the evidence were properly evaluated, remand for
8  further proceedings is appropriate. *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012). The court
9  will remand for an award of benefits only in rare circumstances, where additional proceedings
10 would serve no useful purposes and the record has been fully developed. *Id.*
11     The Ninth Circuit has developed a three-part credit-as true standard to determine whether
12 a case should be remanded for an award of benefits. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th
13 Cir. 2014). The case must satisfy each element for the court to remand for an award of benefits.
14 *Id.* First, the court must determine whether the ALJ has failed to provide legally sufficient
15 reasons for rejecting evidence, whether claimant testimony or medical opinion. *Treichler v.*
16 *Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100-01 (9th Cir. 2014). Second, if the ALJ has
17 erred, the court must determine whether the record has been fully developed, whether there are
18 outstanding issues that must be resolved before a determination of disability can be made, and
19 whether further administrative proceedings would be useful. *Id.* at 1101. And third, if there are
20 no outstanding issues and further proceedings would not be useful, the court must determine
21 whether, if the improperly discredited evidence were credited as true, the ALJ would be required
22 to find the claimant disabled on remand. *Id.* Courts have flexibility in applying this rule; even
23 where the three elements are satisfied, the court may instead remand for further proceedings

REPORT AND RECOMMENDATION - 4

1   where the record as a whole "creates serious doubt that a claimant is, in fact, disabled."
2   *Garrison*, 759 F.3d at 1020.
3     The Commissioner concedes that the first part of this test is satisfied: the ALJ erred by
4   failing to give reasons for rejecting the opinions of Dr. Deutsch and Dr. Packer, and by rejecting
5   several aspects of Dr. Dundas's opinion on the basis of only three examination findings without
6   considering the consistency of the opinion with the record as a whole Dkt. 16 at 4-5. The court
7   finds, based on the parties' arguments and a review of the record, that the first element is
8   satisfied.
9     Regarding the second element, the court must consider whether further administrative
10  proceedings would be useful. *Treichler*, 775 F.3d at 1103-04. This involves determining whether
11  the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have
12  been resolved, and whether plaintiff's entitlement to benefits is clear under the applicable legal
13  rules. *Id.* The Commissioner asserts that the record is not free from conflict and raises serious
14  doubts as to whether plaintiff is, in fact, disabled. Dkt. 16 at 8. But the Commissioner does not
15  identify any gaps in the record, unresolved factual issues, or other need to further develop the
16  record. Instead, the Commissioner seeks remand to allow the ALJ another chance to evaluate the
17  medical opinions the ALJ improperly rejected. But remanding for the purpose of allowing the
18  ALJ to have a "mulligan" and reevaluate improperly rejected evidence does not qualify as a
19  remand for a "useful purpose." *Garrison*, 759 F.3d at 1021. The court finds this to be particularly
20  true where the ALJ has already had two opportunities to evaluate the evidence, as is the case
21  with Dr. Packer's and Dr. Deutsch's opinions. The court finds that further administrative
22  proceedings would not be useful.
23

REPORT AND RECOMMENDATION - 5

Regarding the third element, the Court must determine whether, if the improperly rejected evidence were credited as true, the ALJ would be required to find plaintiff disabled on remand. *Garrison*, 759 F.3d at 1020. If the "strength of the improperly discredited evidence" compels this conclusion, the third element is satisfied. *Id.* at 1022. In addition to voicing opposition to the credit-as-true doctrine—a doctrine which is firmly established in the Ninth Circuit and therefore not subject to being overruled by this court—the Commissioner argues that Dr. Deutsch's and Dr. Packer's opinions, which were given before plaintiff's 50th birthday and limited in duration, do not warrant a finding of disability as of plaintiff's 50th birthday. Dkt. 16 at 8-9.

Dr. Deutsch reviewed the record in February 2012 and opined that plaintiff was limited to sedentary work; he specified an onset date of January 1, 2011, and a duration of 12 months. Tr. 2907. Dr. Packer reviewed the record in December 2014 and opined that plaintiff was limited to less-than-sedentary work. Tr. 2899. Dr. Packer opined that plaintiff was unable to stand or walk safely for even brief periods of time, his use of a walker precluded lifting and carrying even small articles frequently, and he appeared to have required the walker as of May 2013 and improvement since that time would not be expected. Tr. 2899-2900. He specified an onset date of January 1, 2011, and a duration of 24 months. *Id.*

The Commissioner argues that because these doctors limited their opinions to the time before plaintiff's 50th birthday, even if credited as true, the opinions do not warrant a finding of disability as of plaintiff's 50th birthday. Dkt. 16 at 9. In reply, plaintiff asserts that there is no evidence of improvement or medical treatment that would support a finding that these opinions are obsolete. Dkt. 17 at 3-4. The court finds that if these opinions are credited as true, they add to

REPORT AND RECOMMENDATION - 6

the weight of the evidence that compels a finding of disability, even considering their limited duration.

The Commissioner also argues that Dr. Dundas's opinion does not warrant a finding of disability as of plaintiff's 50th birthday. Dkt. 16 at 10. Dr. Dundas completed a consultative examination in June 2016. Tr. 3361. In the narrative portion of his opinion, he opined that plaintiff could walk for at least 2 hours with normal rest breaks; he needed a walker for safe mobility; he could sit at least 6 hours with normal rest breaks; it was medically justified that he alternate between sitting and standing without an assistive device; and an assistive device was recommended for long distances and on uneven surfaces. Tr. 3367. In the medical source statement check-box form, Dr. Dundas opined that plaintiff could sit 2 hours, stand 1 hour, and walk 1 hour without interruption; he could sit 4 hours, stand 2 hours, and walk 2 hours total in an 8-hour workday; he required the use of a cane, which Dr. Dundas specified was a four-wheeled walker, to ambulate; he could ambulate 5 feet without a cane; he could not use his free hand to carry small objects; and the use of a cane was medically necessary. Tr. 3369.

The Commissioner argues that Dr. Dundas's opinion does not warrant a finding of disability because it is internally inconsistent, is inconsistent with the opinion of Bosco Soares, M.D., and relies heavily on plaintiff's subjective reports. Dkt. 16 at 10. Dr. Dundas opined repeatedly in his narrative opinion that plaintiff needed a walker for safe mobility and specified in the check-box portion that a cane (specifically a four-wheeled walker) was medically necessary for distances over five feet. He stated in both sections of his opinion that plaintiff's use of an assistive device would interfere with his ability to lift and carry objects. Dr. Dundas's

REPORT AND RECOMMENDATION - 7

1 statement about long distances and uneven surfaces does not render meaningless his other

2 opinions about plaintiff's need for an assistive device.[5]

3 The Commissioner concedes that the ALJ erred in rejecting Dr. Dundas's opinion on the

4 basis of only three examination findings, Dkt. 16 at 5, but argues that the opinion does not

5 warrant a finding of disability because it conflicts with one examination finding. *Id.* at 10. The

6 examination the Commissioner relies on occurred during a follow-up visit for a complaint of

7 elbow pain, not an assessment of his need for an assistive device; the doctor noted that plaintiff

8 was "ambulatory with and without rollator walker," but did not specify how far he could walk in

9 either case. Tr. 3131. This opinion does not conflict with Dr. Dundas's opinion and, even if it

10 did, it would not be a sufficient basis to find that Dr. Dundas's opinion does not warrant a

11 finding of disability.

12 The Commissioner also argues that Dr. Dundas's opinion does not warrant a finding of

13 disability because it appears that Dr. Dundas relied heavily on plaintiff's subjective reports. Dkt.

14 16 at 10. An ALJ does not provide adequate reasons for rejecting an examining physician's

15 opinion by questioning the credibility of the patient's complaints where the doctor does not

16 discredit those complaints and supports his ultimate opinion with his own observations. *Edlund*

17 *v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). Dr. Dundas conducted a comprehensive

18 physical examination, based his opinion on his findings from that examination, and did not

19 question plaintiff's complaints to him. This is not a valid reason for the court to find the opinion

20 does not warrant a finding of disability.

21

22

---

23 [5] Plaintiff's claim, and the Commissioner's conceded error, involves Dr. Dundas's opinion only as to the need for an assistive device. The inconsistencies in his opinion regarding standing, walking, and sitting are therefore not part of this credit-as-true assessment.

REPORT AND RECOMMENDATION - 8

1       The court finds that if Dr. Dundas's opinion is credited as true, adds to the weight of the

2  evidence that compels a finding of disability. The vocational expert testified that a person who

3  required the use of an assistive device would be unable to perform light work. Tr. 835-36. This

4  comports with the opinions of Dr. Packer and Dr. Deutsch that plaintiff is limited to sedentary

5  work. If all of the improperly rejected evidence were credited as true, the ALJ would be required

6  to find plaintiff disabled on remand.

7       As there are no outstanding issues that must be resolved, further proceedings would not

8  be useful, and the ALJ would be required to find plaintiff disabled if the improperly discredited

9  evidence were credited as true, remand for an award of benefits is appropriate unless the record

10 as a whole creates serious doubt that plaintiff is, in fact, disabled. *Garrison*, 759 F.3d at 1020.

11 The Court finds no reason to exercise flexibility in the credit-as-true rule, as a review of the

12 record does not create serious doubt that plaintiff is disabled. The Court therefore recommends

13 that the Commissioner's decision be reversed and this case remanded for an award of benefits.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for an award of benefits as of plaintiff's 50th birthday.

A proposed order accompanies this Report and Recommendation. Any objection to this Report and Recommendation must be filed and served no later than **August 31, 2018**. If no objections are filed, the Clerk shall note the matter as ready for the Court's consideration on that date. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days

from the date the objection is filed and served. Objections and responses shall not exceed ten pages. The failure to timely object may affect the right to appeal.

DATED this 17th day of August, 2018.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 10